UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ROSE JULIANO
              Plaintiff,        :

     v.

FIRST SOURCE ADVANTAGE;    :    Civil Action No.:
JOHN DOE 1,
              Defendants.

## COMPLAINT

**A.**    **Jurisdiction and Venue**

    1.    Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

    2.    Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.**    **Parties**

    3.    Plaintiff Rose Juliano is a natural person who resides at 1517 S. Iseminger St., Philadelphia, PA 19147.

    4.    Defendant FIRST SOURCE ADVANTAGE LLC ("FSA") is a corporation with principal offices at 205 Bryant Woods South, Amherst, NY 14228. FSA regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6) and/or allegedly bought the debt disputed herein when in default and therefore defendant is not excluded as a debt collector for purposes of the FDCPA under 15 U.S.C. §1692a(6)(F)(iii).

5. Defendant John Doe 1, whose dunning or partial legal name is "Adam", is a natural person employed by Defendant as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

C. **Factual Allegations**

6. On or about September 24, 2010, FSA contacted plaintiff on her cell phone concerning a Capitol One credit card debt (hereinafter "the debt").

7. Plaintiff called FSA back and spoke to "Carey" from FSA concerning the debt.

8. On or about September 25, 2010, FSA contacted plaintiff's sister-in-law, Ann Mayer, by leaving a voice mail at her home for "Angelica Mayer", Ms. Mayer's 10 year old daughter, to contact them at a given phone number, but without identification of the caller or their employer.

9. On or about September 27, 2010, Adam for FSA contacted Ms. Mayer again asking for her daughter on the pretext that Angelica Mayer was a "contact" for plaintiff.

10. Upon Ms. Mayer's questioning of Adam, he refused to identify who his employer was or why he was calling other than to state it was "personal matter" concerning plaintiff.

11. Due to her inability to understand the purpose of the call from Adam's evasive answers, Ms. Mayer was made extremely agitated and anxious over the welfare of plaintiff, who she knew to have heart trouble, and a stranger's questions about her minor daughter.

12. Adam ended the conversation by stating he was erasing the contact information for Angelica Mayer.

13. After ending the phone call with Adam, Ms. Mayer called FSA back and, after demanding to speak to a supervisor, FSA hung up on Ms. Mayer.

14. Ms. Mayer called back and spoke to "Mark" who explained that they were permitted to call her because "you are her sister". Mark would not explain the purpose of the call.

15. Ms. Mayer called plaintiff to advise her of her upsetting contact with FSA.

16. Plaintiff was forced to admit to Ms. Mayer her private affairs, namely that the calls concerned the debt.

17. Plaintiff contacted FSA thereafter and, during a 15 to 20 minutes phone call, confronted Adam about the phone call to Ms. Mayer.

18. During the aforesaid call, Adam first denied making the call and then advised plaintiff that "we have the right to call your family".

19. At all times herein, Plaintiff suffered from heart problems while caring for her husband who suffers from muscular dystrophy.

20. Plaintiff has suffered severe emotional distress, anxiety, and embarrassment as a result of defendants' abusive conduct involving her family in the debt collection.

21. At all times relevant hereto, defendant FSA acted by and through their agents, servants, and employees who acted within the scope of their authority and within the course of their employment.

22. Upon information and belief, FSA engages in a pattern and practice of making false threats related to unfiled litigation to collect debts, see Zummo v. First Source, USED Pa. 09-1176.

**D.      Cause of Action**

### COUNT I – Violations of the FDCPA

23.     The allegations above are re-alleged and incorporated herein by reference.

24.     At all times relevant hereto Defendants were attempting to collect an alleged debt to it which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.     Defendants, by their conduct as described above, violated the FDCPA as follows:

a) §1692 b(1), Contacted third parties and failed to state that collector is confirming or correcting location information;

b) §1692c(b), Contacted third parties other than consumer, consumer's attorney, or credit bureau concerning the debt;

c) §1692d, Engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person in that defendant already had plaintiff's contact information and knew that the contact with plaintiff's relatives would only serve to illegally harass and intimidate plaintiff;

d) §1692e(10) and e(2) used false representation or deceptive means to collect a debt.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.  Declaratory judgment that defendants' conduct violated the FDCPA.

B.  Statutory damages pursuant to 15 U.S.C. § 1692k;

C.  Actual damages;

D.  Reasonable attorney fees and costs.

## TRIAL BY JURY

26. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

Dated: <u>October 12, 2010</u>                                     <u>RC935</u>
                                                                Attorney for Plaintiff
                                                                By:  Robert P. Cocco, Esquire
                                                                Pa. Id. No.
                                                                1500 Walnut Street, Suite 900
                                                                Philadelphia, PA 19102
                                                                215-351-0200